THE GEORGE GREGORY PRINTING COMPANY, Appellee, *vs.* JOHN B. DEVONEY *et al.* Appellants.

*Opinion filed February 20, 1913.*

1. CHANGE OF VENUE—*the statute concerning change of venue must receive a reasonable construction.* The statute concerning change of venue must receive such a reasonable construction as will promote justice and carry out the purpose of the statute.

2. SAME—*cause should not be transferred from county if it can be avoided.* The statute allowing a change of venue on account of the prejudice of the judge or judges is intended to secure a trial before a judge who is unprejudiced, and if such object can be attained as well without sending the cause to another county as by doing so, the expense of the transfer should be avoided.

3. SAME—*effect where a change of venue is based upon alleged prejudice of all judges of municipal court.* Where a motion for a change of venue in a case in the municipal court of Chicago is based upon the alleged prejudice of all the judges of the municipal court, it is proper practice, upon granting the motion, to assign the case to a certain branch of the municipal court and call in a county judge from another county to preside at the trial.

4. CONSTITUTIONAL LAW—*when court may decline to consider the constitutionality of a statute.* Where a statute has long been treated as constitutional and important rights have become established thereunder, the courts may thereafter refuse to consider its constitutionality. (*Richter* v. *Burdock, post,* p. 410, followed.)

APPEAL from the Municipal Court of Chicago; the Hon. HENRY C. WARD, Judge, presiding.

LOUIS GREENBERG, for appellants.

CHARLES R. NAPIER, and CHARLES S. MCILVAINE, for appellee.

Mr. JUSTICE CARTER delivered the opinion of the court:

January 26, 1912, appellee, a corporation, brought suit in the municipal court of Chicago against appellants for the recovery of a claim of $1037.02. After various mo-

tions by the parties and rulings of the court, on March 28, 1912, the appellant John B. DeVoney petitioned the court for a change of venue, alleging that "all of the judges of the municipal court are prejudiced against the petitioner and in favor of the plaintiff." Thereupon the municipal court granted the change of venue prayed and ordered that the cause be transferred to Branch 5 of said court, "to be there tried before the Hon. Harry C. Ward, judge of the city court of Sterling, Whiteside county, Illinois, who will be called to this city and to sit in Branch 5 of this court and determine the above entitled cause." Thereafter Judge Ward heard the cause over the objection of appellants, and judgment was entered in favor of the appellee company. The case has been appealed direct to this court upon the ground that the Municipal Court act is unconstitutional.

It was first urged in the trial before Judge Ward that the change of venue having been granted from all the judges of the municipal court, therefore Judge Ward, who was called in to sit in the municipal court, was disqualified to hear the cause. This court held in *American Badge Co. v. Lena Park Improvement Ass'n,* 246 Ill. 589, that section 13 of the Municipal Court act, authorizing judges of the municipal court to interchange with judges of other city courts, was constitutional. In granting a change of venue the court may send the case to some other court of record of competent jurisdiction, in the same or some other convenient county, to which there is no valid objection. (*Lowry* v. *Coster,* 91 Ill. 182.) Why, then, should it not be sent to another judge against whom no valid objection can be raised, called in to that court? Ever since the law went into effect giving three judges to the same circuit it has been the almost universal custom of the circuit judges in this State not to send a case out of the county where it was pending when an affidavit was filed for change of venue on account of the prejudice of one of the judges,

but to call in one of the other judges in the same circuit to try the case. We deem this practice fully justified by the decisions of this court. (*Curran* v. *Beach*, 20 Ill. 260; *Myers* v. *Walker*, 31 id. 353.) In *Vandalia Drainage District* v. *Vandalia Railroad Co.* 247 Ill. 114, where an application for a change of venue was made from the county judge of Fayette county, it was held that the party making the application obtained all the relief to which he was entitled when the county judge in question called in the county judge of another county, who had no interest in the proceeding. To the same effect is *Chicago and Alton Railroad Co.* v. *Harrington*, 192 Ill. 9. In *American Car Co.* v. *Hill*, 226 Ill. 227, a change of venue had been taken from two circuit judges on the ground of their prejudice. The case then came on for trial before a city judge, he being then the presiding judge sitting in the circuit court of the county where the case was docketed. Objection was made to the city court judge hearing the case and a change of venue was asked from him. We held in that case that one change of venue having already been granted, the court properly refused another; that when an application is made before a judge in the county wherein the case is pending, there is no occasion to send the case out of the county for trial when another judge not disqualified by the application for a change of venue can hold, or is holding, a term of said court in the county in which the suit was brought. The statute allowing a change of venue on account of the prejudice of a judge or judges was to secure a trial before a judge who was unprejudiced. If the object can be attained as well by not sending the cause to another county as by doing so, the expense of the transfer should be avoided. Change of venue statutes must receive a reasonable construction,—one that will promote the ends of justice and carry out the purpose of the statutes. (*Chicago, Burlington and Quincy Railroad Co.* v. *Perkins*, 125 Ill.

257 – 26

127.) The rulings of the trial court as to change of venue were in harmony with the decisions of this court.

After Judge Ward refused to allow a change of venue from him, appellants objected to the cause being heard upon the ground that the Municipal Court act was not passed by the legislature in accordance with the constitutional requirements as laid down by this court in *Neiberger* v. *Mc-Cullough,* 253 Ill. 312. We have held in a long line of decisions that the Municipal Court act is constitutional. The record in this case on this point is practically identical with that in *Richter* v. *Burdock,* (*post,* p. 410.) After a review of the authorities bearing on this question, it is there stated that when a statute has long been treated as constitutional and important rights have become established thereunder, the courts may thereafter refuse to consider its constitutionality. For the reasons stated in that opinion appellants' contention as to the constitutionality of the statute must be overruled.

The judgment of the municipal court will therefore be affirmed.          *Judgment affirmed.*