(No. 15724.—Decree affirmed.)

FRANK MEISTER, Appellant, *vs.* H. C. CARBAUGH *et al.*
Appellees.

*Opinion filed December 19, 1923—Petition stricken Feb. 7, 1924.*

1. CONSTITUTIONAL LAW—*constitutionality of act cannot be determined by admissions of the parties.* The constitutionality of an act cannot be determined upon the admissions or stipulations of the parties to a suit.

2. SAME—*amendments striking out words from bill are included in constitutional requirement that amendments be printed.* The requirement of section 13 of article 4 of the constitution that "the bill and all amendments thereto shall be printed before the vote is taken on its final passage" applies to amendments to the bill consisting of striking out any of its words.

3. SAME—*validity of Park Civil Service act cannot now be contested on ground of defective passage.* The failure to print the amendment consisting of striking out the words "chief of police" from section 11 of the Park Civil Service bill before its final passage, as required by section 13 of article 4 of the constitution, is a defect going to the validity of the entire act; but as the act has been in force for twelve years without contest, the question will not now be considered.

4. SAME—*when court may decline to hold act void for defect in its passage.* Constitutional provisions regarding legislative procedure in the passage of an act may be availed of at any time in questioning the validity of the act, but as such provisions are intended only to prevent surprise in the enactment of undesirable legislation, the courts may decline to declare an act void because an amendment striking out certain words was not printed, where the act has been long applied without question.

APPEAL from the Circuit Court of Cook county; the Hon. HUGO M. FRIEND, Judge, presiding.

ELMER J. SCHNACKENBERG, for appellant.

FREEMAN, MASON & IGOE, for appellees.

JAY CLIFFORD McCALLY, and GEORGE A. CURRAN, (WERNER W. SCHROEDER, of counsel,) for *amici curiæ.*

Mr. JUSTICE CARTER delivered the opinion of the court:

This is a bill in equity praying that "An act relating to civil service in park systems" be declared unconstitutional and void and that the civil service board of the South Park Commissioners be restrained by injunction from proceeding thereunder. Appellees filed a general demurrer, which the lower court sustained, dismissing the bill for want of equity. From this decree the case has been brought to this court by appeal.

The validity of the act is contested on the ground that in its passage there was a violation of section 13 of article 4 of the constitution, requiring that "the bill and all amendments thereto shall be printed before the vote is taken on its final passage."

It is charged by the bill and admitted by demurrer that the conference committee report recommending that the senate recede from its amendment to the extent that the three words, "chief of police," be stricken out of section 11 of the bill was not printed in either house before the vote on the final passage of the bill. It is an established rule that the constitutionality of an act cannot be determined upon the admissions or stipulations of the parties to a suit. (*Nakwosas* v. *Western Paper Stock Co.* 260 Ill. 172.) We shall, however, assume the facts to be as alleged by appellant and as conceded by appellees in this case.

It is contended by appellant that the issues raised here have already been fully decided by the cases of *Neiberger* v. *McCullough,* 253 Ill. 312, and *McAuliffe* v. *O'Connell,* 258 id. 186. In those cases we took the view that the constitutional provision here involved contained no ambiguity and that the disregard of this provision would render an act invalid. Appellees seek to distinguish those cases by asserting that all of the bill had been here printed before final passage and that the amendment merely omitted three words therefrom. We cannot construe the constitutional requirement in such a manner as to except from its appli-

cation an amendment to a bill which consists of an omission from the bill itself.

It is also urged that the omission of the words "chief of police" does not invalidate the entire section or entire act. The act here involved is a park civil service act. Section 11 is a section containing exemptions. Before the report of the conference committee the exemptions as altered by senate amendment read as follows: "All elective officers, the general superintendent, the attorneys, the chief of police and one confidential clerk or secretary." After the action by the two houses on the unprinted report of the conference committee the words "chief of police" were omitted. Section 11 of this act cannot be held invalid and the remainder of the act sustained. The omission of these words as the result of the conference committee action appears to have been a material consideration of the two houses in the enactment of the law. The issue here presented is not like that in *People* v. *Brady,* 262 Ill. 578. Nor, if the constitutional objections are here properly taken, is it possible for us to hold section 11 constitutional.

But another issue presents itself in this case. The act here involved was passed by the General Assembly in 1911. It has been acted upon since that time, has been amended by the General Assembly at a succeeding session, and has for a number of years constituted a part of the State's legislative policy. The constitutional provision here involved was adopted for the purpose of preventing surprise in the enactment of legislation. We have often said that "when a statute has long been treated as constitutional and important rights have become established thereunder, the courts may thereafter refuse to consider its constitutionality." (*Gregory Printing Co.* v. *DeVoney,* 257 Ill. 399; *Richter* v. *Burdock,* 257 id. 410; *Gifford* v. *Culver,* 261 id. 530.) The authorities just cited dealt with an act long in force and acted upon, where issues of constitutionality with respect to such act had been passed upon in cases already pre-

sented to this court. In the present case there are no prior decisions upon the constitutionality of the act involved, but we do not regard the doctrine announced in these cases as so limited in its application. We have here a constitutional provision dealing with the process of legislation and intended to prevent surprise in the enactment of law. The present law has gone into operation and has been applied for substantially twelve years without contest. We do not lay down a principle that constitutional provisions of this character regarding legislative procedure must be availed of promptly, but we do regard it as improper for us to upset, on a basis such as this, a law long applied without constitutional question. We are of the opinion that under facts such as these, parties seeking to contest the validity of a law have lost by some eleven or twelve years' delay any standing that they might otherwise have in this court.

The principle here announced is not limited to cases in which there have been prior judicial contests of the validity of an act, though the decisions of this court cited above related to facts of that character. We regard the issue here presented as not dissimilar from that presented in the cases of *Nesbit* v. *People,* 19 Colo. 441, and *Weston* v. *Ryan,* 70 Neb. 211. The *Nesbit case* involved a contest of the validity of an amendment to the Colorado constitution adopted in 1884 and extending the legislative sessions in that State from forty to ninety days. This Colorado amendment was attacked in 1894 as invalid, on the ground that there had not been compliance with a constitutional requirement that a proposed amendment be entered in full on the journals of each house. The court declined to hold the amendment invalid for non-compliance with this constitutional requirement. The Nebraska case involved the validity of a Nebraska constitutional amendment of 1886 lengthening the sessions of the legislature and increasing the compensation of members of the two houses. The amendment was first declared lost, and then, upon a re-

count of the popular vote, was declared adopted. Some sixteen years later the validity of this amendment was contested, and the court said that "after sixteen years it is too much to ask us to set it aside." In the Colorado case it appeared that a constitutional requirement regarding the form of adopting a constitutional amendment had been violated, but the court held that lapse of time prevented an attack upon this ground. On the reasoning of these cases in other courts, as well as on the decisions of this court heretofore cited, we think the validity of this statute should not be permitted to be contested at this date.

The decree of the circuit court will therefore be affirmed.

*Decree affirmed.*