Carl Siegel, Appellee, v. City of Belleville et al., Appellants.

Opinion filed June 4, 1931.

ARTHUR W. PETH and PRESTON K. JOHNSON, for appellants.

FARMER & KLINGEL, for appellee.

Mr. Presiding Justice Barry delivered the opinion of the court.

Appellee filed a bill to enjoin appellants from completing the purchase of a fire engine. It avers that the city had fourteen aldermen, seven of whom voted for and seven against the proposal to make the purchase, and that the mayor illegally voted in favor of the proposition and declared it had carried. It also avers that the city council had made no appropriation for the purchase of a fire apparatus although it did make appropriations as follows: "Fire department, $34,000; Fire department, 2 mill tax, $36,000; Fire department, foreign fire insurance, $13,500." It then avers that said appropriations were too general and uncertain to include the purchase in question and were void, etc. A demurrer to the bill was overruled, appellants abided by their demurrer and a perpetual injunction was decreed in accordance with the prayer of the bill.

Section 6 of article II of the Cities and Villages Act, Cahill's St. ch. 24, ¶ 20, expressly provides that the mayor shall preside at all meetings of the city council, but shall not vote except in case of a tie, when he shall give the casting vote. Appellee contends that an implied limitation of the mayor's right to vote in case of a tie is found in section 13, of article III of the same Act, Cahill's St. ch. 24, ¶ 44. That section requires the concurrence of a majority of all members elected in the city council for the passage of every ordinance of every kind and for the passage of every proposition creating a liability against the city or appropriating its money. If appellee's contention is sound, no ordinance of any kind can be passed by the city council if the whole number of aldermen elected is equally divided on the question. That must be true because the section was not intended to limit the requirement of a majority vote to ordinances or propositions creating a liability or appropriating money. *McLean v. City of East St. Louis,* 222 Ill. 510, 514.

By section 6 of article II, the legislature gave the mayor of the city the absolute right to vote in case of a tie and there is no limitation in the statute of this casting vote to any particular kind or class of business. We are of the opinion that said section 13 cannot be construed, properly, as a limitation upon the right of the mayor to vote in case of a tie. We would not be warranted in imposing a limitation which the legislature did not see fit to insert in the statute. *City of Carrollton v. Clark*, 21 Ill. App. 74, and many cases cited in the note in 40 A. L. R. 814, 815.

The City of Belleville was authorized to levy a two-mill tax for fire protection. Cahill's St. ch. 24, ¶ 1023 (1). It was also authorized to collect 2 per cent on fire insurance policies issued by foreign insurance companies and the money so collected was for the maintenance, use and benefit of the fire department. Cahill's Ill. St. ch. 24, ¶ 1036. It seems to us that when the city made the appropriations: "Fire department, two mill tax, $36,000; Fire department, foreign fire insurance, $13,500," it was the same as if the appropriations had read: "Fire department, for fire protection, $36,000; Fire department, maintenance, use and benefit of fire department, $13,500." It is not necessary for the city appropriation or tax levy ordinance to specify every item which the city may pay out upon a particular appropriation, and a single appropriate general purpose is sufficient to include every expenditure required for that purpose although there may be many items. *People v. Eastern I. & M. R. Co.*, 335 Ill. 245; *People v. Chicago & Eastern I. R. Co.*, 336 Ill. 506. It seems to us that appropriations for fire protection and for maintenance, use and benefit of the fire department would necessarily include the purchase of a fire engine. The appropriations were sufficiently specific to meet the requirements of Cahill's Ill. St. ch. 24, ¶ 92.

Ordinarily we would simply reverse the decree with directions to overrule the demurrer. In this case the

only relief prayed in the bill is for a perpetual injunction. If the trial court had sustained the demurrer it would have dismissed the bill for want of equity. *Goddard v. Chicago & N. W. R. Co.*, 202 Ill. 362; *Spies v. Byers*, 287 Ill. 627. The bill is not a defective statement of a good cause of action and for that reason the decree is reversed and the cause remanded with directions to sustain the demurrer to the bill and to dismiss the bill for want of equity at appellee's costs. This will enable appellee to present the matter to the Supreme Court without the necessity of first going back to the trial court.

*Reversed and remanded with directions.*