(No. 43232.—

ALAN KAWITT, Appellant, *vs.* GEORGE A. MAHIN, Director of Revenue, *et al.,* Appellees.

*Opinion filed June 24, 1971.—Rehearing denied October 4, 1971.*

ALAN KAWITT, *pro se.*

WILLIAM J. SCOTT, Attorney General, of Chicago, (FRANCIS T. CROWE and SAMUEL E. HIRSCH, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE RYAN delivered the opinion of the court:

Plaintiff appeals to this court from an order of the circuit court of Cook County which granted the defendants' motion to dismiss plaintiff's amended complaint which challenged the constitutionality of the Illinois Income Tax Act. (Ill. Rev. Stat. 1969, ch. 120, par. 1—101 *et seq.*). The direct appeal to this court is pursuant to our Rule 302(a)(1) and (2). 43 Ill.2d R. 302(a)(1) and (2).

In *Thorpe* v. *Mahin,* 43 Ill.2d 36, we held that the Illinois Income Tax Act did not violate the provisions of article IX of the Illinois constitution nor the due process and equal protection requirements of the fourteenth amendment of the Federal constitution; that it did not unconstitutionally delegate the General Assembly's law making power to Congress and that it did not violate section 13 of article IV of our constitution. Plaintiff does not dispute our decision in *Thorpe* and does not generally attack the constitutionality of the Illinois Income Tax Act. His limited challenge of the Act asserts that the State cannot constitutionally levy a tax on that portion of his income which represents tax he pays to the Federal government as Federal income taxes. As illustrative of his position, he states that for the year ending December 31, 1969, he reported taxable net income of $15,000 subject to both Federal and Illinois State income taxes. On this taxable income he paid

Federal income tax of about $4,000. He asserts that this $4,000 cannot constitutionally be included in the base upon which his Illinois income tax is computed. According to his position his State income tax should have been computed on $11,000 and not on $15,000 as required by section 203 (d)(1) of the Act.

Plaintiff's position is that by virtue of the second paragraph of article VI of the Federal constitution (commonly referred to as the supremacy clause) the Federal income tax law is supreme and State income tax laws must yield to the Federal law. The many cases cited by plaintiff relating to the supremacy of Federal tax laws do not support his position in this case. None of the cases cited hold that the same income cannot be the basis for computing both the State and Federal income tax.

Both the State and the Federal governments possess the authority to levy income taxes. The individuals who enjoy the benefits and protection of the laws of the United States are under a duty to support their government and are not beyond the reach of its taxing power on incomes. The Supreme Court has stated that the State and National governments must co-exist. Each must be supported by taxation of those who are citizens of both. (*Helvering* v. *Gerhardt,* 304 U.S. 405, 82 L. Ed. 1427 at 1438). As for the State's power to tax, it, too, is founded upon the protection afforded to the recipient of income. The receipt of income by a resident of the taxing sovereignty is a taxable event and domicile itself affords the basis for such taxation. Enjoyment of the privilege of residence in the State and the attendant right to invoke the protection of its laws are inseparable from responsibility for sharing the cost of government. *Graves* v. *New York ex rel. O'Keefe,* 306 U.S. 466, 83 L. Ed. 927; *New York ex rel. Cohn* v. *Graves,* 300 U.S. 308, 81 L. Ed. 666; *Lawrence* v. *State Tax Com.,* 286 U.S. 276, 76 L. Ed. 1102.

We need not analogize solely from the above cases that

in such situations the supremacy clause of the Federal constitution does not diminish the power of the State to tax. The Supreme Court of the United States has in several cases addressed itself to the subject of dual taxation by Congress and a State. In fact, *McCulloch* v. *Maryland* (1819), 4 Wheat. 316, 424, 4 L. Ed. 579, 606, the case which plaintiff has laid as a cornerstone of his argument, itself used the following language: "That the power of taxation is one of vital importance; that it is retained by the states; that it is not abridged by the grant of a similar power to the government of the Union; that it is to be concurrently exercised by the two governments: are truths which have never been denied."

In *Michigan Central Railroad Co.* v. *Powers,* 201 U.S. 245, 50 L. Ed. 744, the court stated: "There is no general supervision on the part of the nation over state taxation, and, in respect to the latter, the state has, speaking generally, the freedom of a sovereign, both as to objects and methods." (50 L. Ed. at 761.) Outside of the prohibitions, expressed and implied, contained in the Federal constitution, the power of the State to tax may be exercised at the same time and upon the same subjects by the United States and by the States without inconsistency or repugnancy. Such power exists in the United States by virtue of an express grant for the purpose, and exists in the States for the support of their own governments because they possessed the power without restriction before the Federal constitution was adopted, and still retain it except so far as the right is prohibited or restricted by that instrument. *Ward* v. *Maryland,* 12 Wall. 418, 20 L. Ed. 449, *Wheeling, Parkersburg and Cincinnati Transportation Co.* v. *City of Wheeling,* 9 Otto, 273, 25 L. Ed. 412 at 414.

The above cases announce the general principles of dual taxation by the Federal government and by a State. The fact that the Federal government has seen fit to levy a tax on an object of taxation within its authority does not pre-

empt the field and prohibit the State from taxing the same object unless there is a constitutional limitation, express or implied, preventing the State from acting. There is nothing in the sixteenth amendment to the Federal constitution which limits the States in any way from taxing incomes whether or not a part of the taxable income may represent taxes thereon paid as Federal income tax. The sixteenth amendment is a grant to Congress of the power to lay and collect taxes on income. It contains no limitation on the taxing powers of the States such as those found in article I, section 10, of the Federal constitution. Nor does the exercise of the power to tax income by the State interfere with the exercise by Congress of any powers granted to it by the Federal constitution. We see no inconsistency or repugnancy in the exercise by both the State and Federal governments of the power to tax the same taxable income. Such an exercise of sovereign power is consistent with the holdings in *McCulloch, Wheeling* and *Ward.*

In determining the basis upon which the Illinois income tax is to be computed it is within the province of the legislature to provide for exemptions. As long as the exemptions granted do not violate any constitutional limitation the same will not be disturbed by the courts. The legislature could have exempted from the State income tax the amount paid as Federal income tax. Some State legislatures have so provided. The defendant's brief contains a summary taken from Volume 30, No. 51, State Tax Review, December 22, 1970. Of the 39 States listed, only 11 permit deduction of the Federal income tax from the base upon which the State income tax is computed, whereas 28 States do not grant such an exemption. Whether or not such an exemption is to be permitted is a matter for legislative consideration and not judicial determination.

The judgment of the circuit court of Cook County is affirmed.

*Judgment affirmed.*