RICHARD T. DURJAK, Plaintiff-Appellant, v. JAMES R. THOMPSON, Governor, *et al.*, Defendants-Appellees.

First District (4th Division)   No. 85—379

Opinion filed May 15, 1986.

Andrew B. Spiegel, of Chicago, for appellants.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, and Rosalyn B. Kaplan, Assistant Attorney General, of Chicago, of counsel), for appellees.

JUSTICE McMORROW delivered the opinion of the court:

Plaintiff, Richard T. Durjak, appeals from the trial court's order denying him leave to file a complaint pursuant to section 11—303 of the Code of Civil Procedure (Ill. Rev. Stat. 1983, ch. 110, par. 11—303) seeking to enjoin the disbursement of public funds used to enforce the provisions of the Illinois Income Tax Act and its subsequent amendments (Ill. Rev. Stat. 1983, ch. 120, par. 1—101 et seq.). Plaintiff sought to challenge the legislative procedure under which the Illinois Income Tax Act was enacted. Plaintiff alleged that the Act, which became effective in 1969, had not been enacted in accordance with section 13 of article IV of the Constitution of Illinois of 1870. (Ill. Const. 1870, art. IV, sec. 13.) That section required, inter alia, that a bill had to be read at large on three different days in each house and that the bill and its amendments had to be printed before the vote on its final passage. Plaintiff further alleged that the General Assembly did not comply with the rules of both the House of Representatives and the Senate pertaining to the reading and printing of bills and similar internal, procedural rules when the Illinois Income Tax Act was enacted.

We affirm.

■ Although plaintiff's challenge to the Illinois Income Tax Act is premised upon the legislature's alleged noncompliance with the 1870 Constitution and the internal rules of the House and Senate, plaintiff has cited no authority for his contention that a court may invalidate legislation on the ground that the enactment violated a rule

of the legislative body. Supreme Court Rule 341(e)(7) provides that the appellant's brief and argument "shall contain the contentions of the appellant and the reasons therefor, with citation of the authorities and the pages of the record relied on." (87 Ill. 2d R. 341(e)(7).) Without an appropriate citation to authority, this court may refuse to consider plaintiff's argument. (*Nicholl v. Scaletta* (1982), 104 Ill. App. 3d 642, 647, 432 N.E.2d 1267, 1272.) Moreover, our research reveals that this court has the authority to invalidate legislation only when it violates a provision of the Federal or State constitutions or violates the mandate of a State or Federal statute, and "cannot handle matters which in effect are attempts to overrule decisions of a legislative body based upon alleged failure to follow requirements imposed by that body itself." *Chirikos v. Yellow Cab Co.* (1980), 87 Ill. App. 3d 569, 574, 410 N.E.2d 61, 65.

We thus turn to plaintiff's constitutional challenge to the enactment of the Illinois Income Tax Act. Our threshold inquiry is whether the named plaintiff has standing to maintain this action alleging a violation of section 13 of article IV of the 1870 Constitution. (See *Schlessinger v. Olsen* (1982), 107 Ill. App. 3d 302, 307, 437 N.E.2d 768, 772.) In *Meister v. Carbaugh* (1923), 310 Ill. 486, 142 N.E. 189, our supreme court was presented with a virtually identical challenge to a civil-service-system law enacted in alleged violation of the reading and printing requirements of section 13. The statute in question had been in effect for 12 years before it was challenged, had been amended by the General Assembly at a succeeding session and constituted a part of the State's legislative policy. After determining that the reading and printing requirements of section 13 were intended to prevent surprise in the enactment of legislation, the court held "that 'when a statute has long been treated as constitutional and important rights have been established thereunder, the courts may thereafter refuse to consider its constitutionality.' [Citations.]" (*Meister v. Carbaugh* (1923), 310 Ill. 486, 488, 142 N.E. 189, 190.) The court considered it improper to upset "on a basis such as this, a law long applied without constitutional question" and concluded that the party challenging the law had "lost by some eleven or twelve years' delay any standing that they might otherwise have in this court." 310 Ill. 486, 489, 142 N.E. 189, 190; see *Yarger v. Board of Regents of Regency Universities* (1983), 98 Ill. 2d 259, 267, 456 N.E.2d 39, 43; *Kostelnak v. Retirement Board* (1980), 84 Ill. App. 3d 616, 622, 405 N.E.2d 1170, 1174 (Stamos, J., specially concurring).

We believe that the *Meister* decision is controlling. The Illinois Income Tax Act was enacted 16 years before plaintiff's instant chal-

lenge and has been repeatedly amended by the General Assembly since its original enactment. The constitutionality of the Illinois Income Tax Act has been passed upon by the courts. (*Kawitt v. Mahin* (1971), 49 Ill. 2d 73, 271 N.E.2d 35, *appeal dismissed* (1972), 405 U.S. 907, 30 L. Ed. 2d 778, 92 S. Ct. 956; *Thorpe v. Mahin* (1969), 43 Ill. 2d 36, 250 N.E.2d 633.) As in *Meister,* the constitutional defect complained of is simply that the bill and the amendments to it were not printed before the vote was taken on its final passage. Under the circumstances of this case, we have no hesitation in concluding that plaintiff lacks standing to maintain this challenge. The trial court did not abuse its discretion in denying plaintiff leave to file his complaint. Accordingly, the decision of the trial court is affirmed.

Affirmed.

JIGANTI and JOHNSON, JJ., concur.