CITY & SUBURBAN DISTRIBUTORS-ILLINOIS, INC., *et al.*, Plaintiffs-Appellees, v. THE CITY OF CHICAGO, Defendant-Appellant.

First District (1st Division)   No. 86—1971

Opinion filed June 29, 1987.

Judson H. Miner, Acting Corporation Counsel, of Chicago (Mary K. Rochford and Julie Elena Brown, Assistant Corporation Counsel, and George F. Galland, Jr., Special Assistant Corporation Counsel, of counsel), for appellant.

David A. Epstein, of Chicago (Robert G. Pressman and Herman G. Bodewes, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

Plaintiffs, numerous wholesale and retail distributors of liquor and two individual liquor purchasers, filed a three-count complaint seeking declaratory and injunctive relief challenging the Chicago Liquor Tax Ordinance (Chicago Municipal Code sec. 200.11 (1986)) passed by the Chicago city council on May 14, 1986. Plaintiff's complaint challenged both the constitutionality of the tax and the procedural method by which it was passed and sought a preliminary injunction against enforcement and collection of the tax. The defendant, the city of Chicago, filed a motion to dismiss. The trial court denied the motion finding that the tax ordinance was invalidly passed because it was contained in a substitute ordinance which was not germane to the original tax ordinance submitted for passage. The court granted plaintiffs a preliminary injunction and required the city to hold all funds paid under the challenged tax in an escrow account.[1] The city filed this interlocutory appeal from the entry of the preliminary injunction. On appeal, the city contends (1) the trial court erred in imposing a germaneness requirement on the substitute ordinance containing the liquor tax; (2) assuming, *arguendo*, a germaneness requirement existed, the substitute ordinance would have been germane to the original ordinance; and (3) an ordinance may not be invalidated as a result of a

---

[1]The trial court addressed only the procedural issues raised in plaintiffs' complaint and no decision was rendered on the constitutional issues presented.

violation of the city council's procedural rules where no member of the council asserted that a violation had occurred.

At its meeting on May 14, 1986, the Chicago city council addressed a proposed ordinance to enact an aircraft fuel tax. This ordinance proposed a new tax on aircraft fuel to generate operating funds for the city pursuant to Chicago's home rule powers. (Ill. Const. 1970, art. VII, sec. 6(a).) The tax was to be imposed at a rate of five cents per gallon on the purchasers and users of aircraft fuel in Chicago. After various motions were presented, the council voted on a motion to substitute a different ordinance for the pending aircraft fuel tax ordinance. The substitute ordinance contained provisions to impose a liquor tax, increase the employers' expense tax and repeal the Chicago commercial occupancy tax. The substitute ordinance passed with 25 aldermen voting in favor of the ordinance, 25 aldermen voting against the ordinance, and Mayor Washington casting the deciding vote for passage.

The liquor tax became effective June 10, 1986. The tax is imposed on the retail sale of alcoholic beverages in the city of Chicago at a rate of 15 cents per gallon on wine, 50 cents per gallon on alcohol and spirits and 12 cents per gallon on beer. The tax is collected from the retail purchaser through retail dealers and wholesale distributors acting on behalf of the city. Chicago Municipal Code secs. 200.11—4, 200.11—5 (1986).

On June 9, 1986, plaintiffs filed suit seeking declaratory and injunctive relief challenging the liquor tax ordinance. Defendant moved to dismiss the action. The trial court denied the motion holding that when the city council substitutes one proposed ordinance for another on the council floor, the subject matter of the substitute ordinance must be germane to that of the original ordinance. The court found that the liquor tax ordinance was not germane to the aircraft fuel tax ordinance for which it was substituted and was, therefore, invalidly passed by the city council. The court further entered a preliminary injunction prohibiting the enforcement of the liquor tax and requiring the city to hold all funds paid under the tax to be held in an interest-bearing escrow account until further order of court.

■■■ The city first argues that the trial court erred by subjecting the substitute ordinance containing the liquor tax ordinance to a germaneness requirement. The trial court held that the substitute ordinance containing the liquor tax "was not germane to the original ordinance" and therefore "was in violation of the City Council's rules as

well as the construction which parallels statutes and the constitution."

Under the city council's rules a motion to substitute is governed by Rule 33, which states as follows:

"A substitute for any original proposition under debate or for any pending amendment to such proposition may be entertained notwithstanding that at such time further amendment is admissible; and if accepted by the Council by a majority vote of the Aldermen entitled by law to be elected shall entirely supercede such original proposition or amendment, as the case may be, and cut off all amendments appertaining thereto." (Council Rules, R. 33.)

A plain reading of the rule reveals no germaneness requirement. Plaintiffs argue that the germaneness requirement for motions to amend under Rule 30 also governs Rule 33 motions to substitute. Rule 30 states that "[a]n amendment modifying the intention shall be in order; but an amendment relating to a different subject shall not be in order." (Council Rules, R. 30.) Plaintiffs note that under council Rule 47 (Council Rules, R. 47), Robert's Rules of Order (Robert's Rules of Order Newly Revised (1970)) govern council deliberations to the extent that those rules are not inconsistent with the council's rules. Under section 12 of Robert's Rules of Order a substitute is one type of an amendment. Plaintiffs argue, therefore, that the germaneness requirement for amendments to ordinances found in Rule 30 applies equally to substitute ordinances.

We find plaintiffs' argument without merit. The city council's rules clearly differentiate between motions to amend and motions to substitute. Rules 29, 30, and 31 (Council Rules, Rules 29, 30, 31), which contain the requirements and procedures applying to amendments, are preceded by the heading "Motion to Amend." Rule 33 (Council Rules, R. 33) is titled "Motion to Substitute" and contains distinct requirements for substitutions. Specifically, a motion to amend may be adopted by a majority of those present and voting, if a quorum is present, while a motion to substitute requires an absolute majority of the council's elected membership. Since the city council rules clearly differentiate between motions to amend and motions to substitute, the germaneness requirement contained in Rule 30 applying to amendments cannot be drafted onto motions to substitute. It is not this court's function to impose parliamentary requirements that are not demanded by the city council's rules. (*Durjak v. Thompson* (1986), 144 Ill. App. 3d 594, 494 N.E.2d 589; *Roti v. Washington* (1983), 114 Ill. App. 3d 958, 450 N.E.2d 465.)

Whether those rules are wise or unwise is not within the province of this court to decide, in the same manner that courts are not authorized to strike down legislation they deem unwise. *Thillens, Inc. v. Morey* (1957), 11 Ill. 2d 579, 144 N.E.2d 735.

Nor do we find that there is a statutory or constitutional germaneness requirement that is binding on the city council. The Illinois Municipal Code provides that the city council is to make its own rules. (See Ill. Rev. Stat. 1985, ch. 24, sec. 3—11—11; *Roti v. Washington* (1983), 114 Ill. App. 3d 958, 450 N.E.2d 465.) Further, it has been specifically held that the single subject requirement of the Illinois Constitution (Ill. Const. 1970, art. IV, sec. 8(d)) applies only to acts of the State legislature and not to city ordinances. (*City of Chicago v. Hill* (1968), 40 Ill. 2d 130, 238 N.E.2d 403.) Accordingly, we hold that the trial court erred in imposing a germaneness requirement for the substitute liquor tax ordinance and reverse its finding that the tax was invalidly passed due to procedural deficiencies.

Plaintiffs argue that the procedure used to pass the substitute ordinance violated the omnibus vote provision of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, sec. 3—11—17). The omnibus vote provision allows the city council to pass a group of ordinances in a single roll call vote. The statute requires unanimous consent of the city council members before such a vote can be taken. Otherwise, there must be a recorded vote on each separate ordinance. Plaintiffs argue that the substitute ordinance in the case at bar was, in fact, two ordinances because it included the liquor tax and the employers' expense tax. Plaintiffs contend, therefore, that it was illegal for the city council to enact two ordinances in a single vote without first obtaining the unanimous consent of the city council to take a vote.

In passing the substitute ordinance it is our opinion that the city council did nothing to violate the omnibus vote provision. The substitute ordinance was a single ordinance passed in a single roll call vote. It was not passed as part of a package of ordinances and unanimous consent of the city council was not required. Plaintiffs provide no authority to define the substitute ordinance in any other manner.

Plaintiffs further argue that the motion to substitute did not carry by the required majority votes. The city council passed the substitute ordinance by a 26-25 vote, with Mayor Washington casting the tie-breaking vote. Plaintiffs contend that this voting was improper under Rule 33 (Council Rules, R. 33), which requires substi-

tute ordinances to be passed by a "majority vote of the Aldermen entitled by law to be elected." It is plaintiffs' position that the 26 votes cast in favor of the substitute ordinance here were insufficient since the votes were cast by 25 aldermen and the mayor. The issue raised here was recently addressed by this court in *Roti v. Washington* (1986), 148 Ill. App. 3d 1006. The *Roti* court held that the mayor appropriately cast a tie-breaking vote in a like situation relying on section 3—11—14 of the Illinois Municipal Code (Ill. Rev. Stat. 1985, ch. 24, sec. 3—11—14). That section provides that the mayor is required to cast a vote "where the vote of the aldermen has resulted in a tie." We are in accord with the holding of *Roti* and find that the mayor properly cast the tie-breaking vote in a manner consistent with statutory law. See also *People ex rel. Maness v. Courson* (1984), 113 Ill. App. 3d 841, 448 N.E.2d 6.

■ Like other legislation, the substitute ordinance here is presumed to be a valid enactment, and the burden rests on the taxpayers who challenge its validity. (*Cf. Polyvend, Inc. v. Puckorius* (1979), 77 Ill. 2d 287, 395 N.E.2d 1376.) In our judgment, the plaintiffs have failed to carry their burden of establishing the invalidity of the tax. Having determined that the trial court erred in finding that the substitute ordinance containing the liquor tax was invalidly passed, we find it unnecessary to address the remaining issues raised on appeal.

Accordingly, we reverse the ruling of the trial court invalidating the liquor tax ordinance on the basis that it was improperly passed and imposing a preliminary injunction. We remand this matter for further proceedings on the remaining issues raised in plaintiffs' complaint.

Reversed and remanded.

QUINLAN, P.J., and O'CONNOR, J., concur.