GROWER SERVICE CORPORATION, Plaintiff-Appellee, v. CHARLES W. BROWN, JR., *et al.*, Defendants (Smith Trust and Savings Bank, Defendant-Appellant).

Third District   No. 3—89—0361

Opinion filed October 9, 1990.

BARRY, J., dissenting.

Ludens, Potter & Burch, of Morrison (Thomas J. Potter, of counsel), for appellant.

Plager, Hasting & Krug, Ltd., of Freeport (Ralph E. Elliott, of counsel), for appellee.

PRESIDING JUSTICE HEIPLE delivered the opinion of the court:

Defendant Smith Trust & Savings Bank (Bank) appeals from an order of the circuit court of Whiteside County refusing to dissolve a preliminary injunction which prevents defendant from applying certain funds belonging to Erie Ag Service (Erie Ag) to satisfy outstanding unsecured loans owed by Erie Ag to defendant. Grower Service Corporation, plaintiff, is also an unsecured creditor of Erie Ag.

According to the record, Grower Service Corporation sold agricultural chemicals to Erie Ag Service on an open account for the year 1988. In October of 1988, Erie Ag transmitted to plaintiff a check in

the sum of $49,998 drawn on the defendant Bank. That check was returned for insufficient funds in October and twice in November of 1988. In December of 1988, Erie Ag transmitted a new check to plaintiff in the sum of $50,000 after having made deposits totaling $81,800 during November. That check too was returned three times for insufficient funds. Plaintiff was eventually notified that deposits made by Erie Ag were being applied directly to outstanding debts with defendant Bank.

On February 9, 1989, Erie Ag held a public sale of equipment and other items which resulted in proceeds in excess of $200,000, which Erie Ag deposited in defendant Bank. The Bank placed these funds in escrow for application to the debts owed by Erie Ag to the Bank. In April, plaintiff filed an unverified complaint for preliminary and permanent injunctions to prevent disbursement of the escrowed funds, alleging that Erie Ag owed plaintiff $67,716 as of March 27, 1989, plus interest thereafter, that the escrowed funds were the only resource available for payment of the amount due plaintiff, and that plaintiff would otherwise suffer irreparable injury for which there is no adequate remedy at law.

After notice and hearing, the trial court granted the preliminary injunction in order to maintain the status quo pending a hearing on the permanent injunction. No appeal was taken from that order, but subsequently defendant Bank filed a motion to dissolve the preliminary injunction. After a hearing, the trial court denied the motion, and the Bank filed this interlocutory appeal from that ruling, pursuant to Supreme Court Rule 307(a)(1) (107 Ill. 2d R. 307(a)(1)).

When presented with a motion to dissolve a temporary injunction, the trial court has broad discretionary powers. (*Stoller v. Village of Northbrook* (1987), 162 Ill. App. 3d 1001.) The standard of review on appeal from the denial of a motion to dissolve a preliminary injunction was well stated by Justice Stamos, writing for the majority, in *Stoller v. Village of Northbrook*, as follows:

> "When a party presents a motion to dissolve a temporary injunction, it is only necessary that the party in whose favor the restraining order has been issued show to the trial court, in the statement of his case on the merits, that there is a fair question as to the existence of his rights. [Citation.] If the party in whose favor the restraining order has been issued shows, to the trial court's satisfaction, that the matter out of which his asserted rights arise should be preserved until a decision on the merits, then the trial court may deny the motion to dissolve the restraining order." (162 Ill. App. 3d at 1008-09.)

The fact that Erie Ag is indebted to plaintiff is not in dispute. The only question is whether plaintiff is entitled to a temporary injunction to prevent the loss of money owed to it pending a decision on the merits.

■■ Defendant Bank first contends that the injunction was invalid because it amounted to a prejudgment attachment without meeting the conditions set forth in the attachment statute. (See Ill. Rev. Stat. 1987, ch. 110, par. 4—101.) As a general rule, an unsecured creditor must obtain a judgment before it is entitled to an equitable remedy to enforce its claim. The Illinois view was stated in *Lewis v. West Side Trust & Savings Bank* (1937), 288 Ill. App. 271, 278, and quoted in *Carriage Way Apartments v. Pojman* (1988), 172 Ill. App. 3d 827, 838, as follows:

> " '[T]he theory of taking away the control of a person's property by means of an injunction for the purpose of anticipating a judgment which may or may not thereafter be obtained by a litigant is abhorrent to the principles of equitable jurisdiction.' "

Injunctive relief is reserved for those situations where there exists no adequate legal remedy. Where money damages provide adequate remedy, injunctive relief is not proper. (*Allstate Amusement Co. of Illinois, Inc. v. Pasinato* (1981), 96 Ill. App. 3d 306.) Because the only relief requested by plaintiff is monetary, injunctive relief is inappropriate and resembles a prejudgment attachment. The sole exception to the rule prohibiting prejudgment attachments is where the funds which are the subject of the injunction are also the subject of the dispute. (*American Re-Insurance Co. v. MGIC Investment Corp.* (1979), 73 Ill. App. 3d 316.) The exception contemplates specific funds such as insurance proceeds or inheritances. Injunctive relief has been found inappropriate in disputes involving the proceeds from the sale of real estate to which defendants believed they were entitled (*Carriage Way Apartments v. Pojman* (1988), 172 Ill. App. 3d 827), and real estate commissions to which a plaintiff felt he was entitled (*Mass v. Cohen Associates, Inc.* (1983), 112 Ill. App. 3d 191). Neither case met the requirements of the exception because the funds sought to be enjoined were not the specific funds in dispute. Similarly, in the instant case, plaintiff merely seeks satisfaction of its debt with interest. Plaintiff has no specified interest in the $200,000 sale proceeds that are the subject of the injunction.

■■ The trial court imposed the injunction in order to maintain the status quo. The basis for allowing an injunction to maintain status quo is to avoid irreparable harm. (*Kessler v. Continental Casualty Co.* (1985), 132 Ill. App. 3d 540.) In the instant case, plaintiff will

not suffer irreparable harm even if the escrow fund is depleted, because money damages are available as a legal remedy. It is notable that *Kessler* involves insurance proceeds which fall squarely within the above-named exception. The instant case involves no such funds and injunctive relief is inappropriate.

Therefore, we reverse the denial of the motion to dissolve the injunction and remand the matter for further proceedings in accordance with this matter.

Reversed and remanded.

STOUDER, J., concurs.

JUSTICE BARRY, dissenting:

I dissent from the decision of the majority in this cause. In *Carriage Way Apartments v. Pojman* (1988), 172 Ill. App. 3d 827, 527 N.E.2d 89, the court ruled that a preliminary injunction to place the disputed funds in escrow does not change the status quo but rather preserves the status quo as it existed prior to the controversy. The funds are thus protected from dissipation while the dispute is litigated. The same purpose is present here. The defendant Bank has plainly evidenced an intent to apply the disputed funds to the debt owing from Erie Ag to the Bank although Erie Ag deposited the funds in its checking account and drew checks upon it in payment of other debts. The Bank's refusal to honor Erie Ag's checks was an attempt to determine the priority of creditors by placing itself ahead of plaintiff. Since the Bank is both a creditor and a depository, it should not be able to control Erie Ag's funds for its own benefit until the merits of the dispute have been litigated. When a court of equity acts to prevent such an injustice, as the trial court did here, I would affirm.

The majority opinion of this court concludes that plaintiff is seeking money damages and, therefore, has an adequate remedy at law. However, when the debtor is insolvent and has not other assets with which to discharge the obligation involved, the remedy at law will not be adequate. In that situation a preliminary injunction may be issued to prevent irreparable injury. *Allstate Amusement Co. of Illinois, Inc. v. Pasinato* (1981), 96 Ill. App. 3d 306, 421 N.E.2d 374.

To buttress plaintiff's claim of irreparable harm, one need look no further than the complaint which alleged that two different checks issued in payment of Erie Ag's debt to plaintiff were returned six different times for insufficient funds after Erie Ag had deposited money

in its account in defendant Bank. The complaint also alleged that Erie Ag had no available sources for payment of the claim other than the fund held by the Bank. Testimony was presented in support of the latter allegation that plaintiff knows of no other assets for payment of Erie Ag's debt. According to the record (R-3 through R-5), defendant's attorney argued in the trial court that Erie Ag had to have additional money advanced by the Bank in order to continue its business operations. This fact alone would indicate to the trial court that Erie Ag had no other assets. As a final note, at oral argument before this court, it was admitted that Erie Ag filed voluntary bankruptcy in July of 1989. The facts before the trial court were sufficient to support its ruling, and the court did not abuse its discretion in denying the motion to dissolve the preliminary injunction. I would, therefore, affirm the denial of the motion to dissolve.

Nonetheless, I believe defendant is correct in its contention that the injunction was overly broad in that it prevents disbursement of all the proceeds of the sale of equipment and other property of Erie Ag. Plaintiff's proof in support of its complaint indicated that Erie Ag owed plaintiff $52,000 for chemicals previously supplied and an additional $15,000 interest at the rate of 2% per month as of March 27, 1989. Plaintiff contends on appeal that additional interest and possible punitive damages justify an injunction to preserve the entire fund. On the basis of the record, I can only conclude that the injunction is in fact overly broad in that it purported to maintain a fund far in excess of the amount in controversy.

Plaintiff has filed in the circuit court a motion to amend its complaint to add a count for punitive damages, but that motion has not been heard or allowed. As the pleadings stood at the time the preliminary injunction was granted and as the pleadings stand now, there is no basis for enjoining disbursement of funds in excess of the amount of plaintiff's claim.

Accordingly, the injunction should be modified to prohibit disbursement of no more than the amount in dispute.