JACK FRAME, Petitioner and Plaintiff-Appellant, v. BOARD OF TRUSTEES OF SPOON RIVER COMMUNITY COLLEGE, Illinois Community College District No. 534, Respondent and Defendant-Appellee.

Third District No. 3—90—0618

Opinion filed May 2, 1991.

618

Deffenbaugh, Loewenstein, Hagen, Oehlert & Smith, of Springfield (Ralph H. Loewenstein, of counsel), for appellant.

Froehling, Taylor & Weber, of Canton (Ralph Froehling, of counsel), for appellee.

PRESIDING JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from a judgment in the circuit court of Fulton County entered in an action brought by the plaintiff, Jack Frame, a school counselor, who had his term of employment reduced by the defendant, the Board of Trustees of Spoon River Community College. The trial court ruled in favor of the defendant and the plaintiff appeals.

The plaintiff filed a petition for writ of *mandamus* and declaratory judgment against the defendant. The plaintiff alleged that from the school years 1978-1979 to 1988-1989, he was employed on an 11-month term of employment with the defendant. The plaintiff further alleges that his employment during the months of June, July, and August did not relate to summer school but, rather, to the regular school year. He referred to his working during those months as a summer assignment. The plaintiff has tenure because he is engaged in academic support services.

The 1988-1989 school year ended on or about May 31, 1989. The plaintiff claims that on May 23, 1989, he received notice from the defendant that his employment during the summer of 1989 would be reduced to 13 days. As a result, the plaintiff submits he lost salary by working approximately 29 to 37 less days. The plaintiff requested to

be reinstated to his 11-month term of employment and to be awarded damages for lost wages.

The trial court granted the defendant's motion to dismiss, finding that a significant distinction existed between the terms "school year" as defined by section 3B—1 of the Illinois Public Community College Act (Ill. Rev. Stat. 1989, ch. 122, par. 103B—1) (the Act), which applies to tenured community college teachers, and "school term" as defined by section 24—11 of the Illinois School Code (Ill. Rev. Stat. 1989, ch. 122, par. 24—11) (the School Code), which applies to tenured elementary and high school teachers. Section 3B—1 of the Act defines "School Year" as a regular academic year or its equivalent, excluding summer school. (Ill. Rev. Stat. 1989, ch. 122, par. 103B—1.) This definition differs markedly from the School Code's definition of school term because under it, common school teachers have tenure whenever school is in actual session, including during summer school. (See Ill. Rev. Stat. 1989, ch. 122, par. 24—11.) The court, while noting that tenure laws are to be strictly construed, rejected the plaintiff's claim that his summer work falls within the tenure provisions of the Act because summer school is specifically excluded from tenure protection.

The plaintiff contends that the defendant violated section 3B—5 of the Act by not notifying him of the reduction in his summer duties 60 days before the end of the regular academic school year. Section 3B—5 of the Act (Ill. Rev. Stat. 1989, ch. 122, par. 103B—5) provides in relevant part:

> "If a dismissal of a faculty member for the ensuing school year results from the decision of the Board to decrease the number of faculty members employed by the Board or to discontinue some particular type of teaching service or program, notice shall be given the affected faculty member not later than 60 days before the end of the preceding school year. *** In the event a tenured faculty member is not given notice within the time herein provided, he shall be deemed reemployed for the ensuing school year."

The plaintiff further concludes that because section 3B—5 is modeled after section 24—12 of the School Code, we should follow those cases interpreting section 24—12 for guidance. In essence, the plaintiff asserts that we should review the two statutes *in pari materia*.

■ The primary rule of statutory construction is to ascertain and effectuate the legislature's intent. (*Waste Management of Illinois, Inc. v. Environmental Protection Agency* (1985), 137 Ill. App. 3d 619, 484 N.E.2d 1128.) In so doing, a court looks first to the statutory language itself, and if the language is clear, the court must give it effect

and should not look to extrinsic aids for construction. (*Biggiam v. Board of Trustees of Community College District No. 516* (1987), 154 Ill. App. 3d 627, 506 N.E.2d 1011.) In the instant case, there is no reason for not utilizing the plain ordinary meaning of the words "excluding summer school" found in section 3B—1 of the Act. See Ill. Rev. Stat. 1989, ch. 122, par. 103B—1.

■ In relying on the doctrine of *in pari materia*, the plaintiff conveniently glosses over a threshold question. That is, whether the statute to be construed is ambiguous. It is fundamental that before the rule of *in pari materia* is applied, the statute to be construed must be found to be ambiguous. (*People v. 1946 Buick, VIN 34423520* (1989), 127 Ill. 2d 374, 537 N.E.2d 748.) We find no reason to apply the doctrine of *in pari materia* because the language found in sections 3B—1 and 3B—5 of the Act is unambiguous and clear.

■ In addition, the School Code has been found to be inapplicable to community college districts which operate under the authority of the Public Community College Act. (*Steinmetz v. Board of Trustees of Community College District No. 529*) (1978), 68 Ill. App. 3d 83, 385 N.E.2d 745.) Therefore, insofar as the plaintiff cites three cases in support of his argument, we note that each case dealt with section 24—12 of the School Code and did not involve the definition of school year under the Act and, accordingly, is not controlling.

■ We therefore hold that the Act's tenure provisions do not apply to summer school or assignments performed during the summer months in conjunction with summer school. We also note that this applies to classroom teachers as well as those involved in academic support services. The plaintiff's attempt to incorporate certain provisions of the School Code into the Act fails because the legislature carefully and explicitly excluded summer school from the community college tenure provisions.

For these reasons, we affirm the judgment of the circuit court of Fulton County.

Affirmed.

McCUSKEY and HAASE, JJ., concur.