LAWRENCE HAHN, Plaintiff-Appellant, v. THE CITY OF HARVARD *et al.*, Defendants-Appellees.

Second District No. 2—91—1056

Opinion filed June 22, 1992.

Thomas F. McGuire, of Thomas F. McGuire & Associates, Ltd., of Long Grove, for appellant.

Valeree D. Marek and Dolores A. Duffy, both of Zukowski, Rogers, Flood & McArdle, of Crystal Lake, for appellees.

JUSTICE DOYLE delivered the opinion of the court:

Plaintiff, Lawrence Hahn, laid off from his position as a police officer for the City of Harvard, filed an action entitled "Complaint for Declaratory Judgment" in the circuit court of McHenry County seeking: (1) a declaration that he was illegally terminated from his position as a police officer under section 10—2.1—18 of the Illinois Municipal Code (Code) (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—18); (2) a declaration that he has remained a member of the Harvard police department for a period greater than one year and that his probationary period is terminated; and (3) a declaration that he should be reinstated to his former position with back pay and benefits. The trial court granted defendant's motion to dismiss plaintiff's amended complaint for failure to state a cause of action. Plaintiff then filed this timely appeal.

The sole issue on appeal is whether, under the provisions of section 10—2.1—18 of the Code, a police chief acting upon the directive of a municipality's mayor has the power to terminate a police officer for reasons of economic necessity, or whether the power to implement an economic layoff resides solely with the municipality's board of fire and police commissioners.

Plaintiff's amended complaint and attached exhibits allege the following facts. On April 24, 1989, plaintiff was hired as a police officer for the City of Harvard subject to his completion of a one-year probationary period. On or about March 8, 1990, the mayor notified the police chief by letter that, upon the direction of the police committee and advisement of counsel, he was to dismiss the last officer employed (plaintiff) because of a financial cutback. Approximately 10 days later, in a letter to plaintiff, the mayor confirmed that plaintiff was being laid off pursuant to "Section 10—2.1—18 of the Illinois Police Commissioners Act." The letter further informed plaintiff of his statutory right to recall and his entitlement to severance pay.

On November 28, 1990, plaintiff filed his amended complaint for declaratory judgment, alleging that his layoff was not lawfully effected under the terms of section 10—2.1—18 of the Act for the reason that the Harvard Fire and Police Commission, and not the mayor,

was the appropriate entity to implement the action to terminate his employment. Plaintiff did not allege any acts of bad faith on the part of defendants or any right to a hearing. Defendants filed their motion to dismiss plaintiff's amended complaint for failure to state a cause of action, and the trial court granted their motion.

On appeal, plaintiff contends that the trial court erred in its determination that his complaint failed to state a cause of action for declaratory relief. Plaintiff argues that the statutory scheme and a fair reading of section 10—2.1—18 of the Code require the board, and not the mayor, to implement a layoff for purely economic reasons. Defendant responds that municipalities have the inherent power to terminate police officers for economic necessity as long as it is done in good faith and that the board's jurisdiction to consider officer terminations is invoked only when a layoff is considered a removal or discharge for cause. In light of plaintiff's not raising an issue of bad faith or entitlement to a hearing, defendant argues that it would be absurd to construe section 10—2.1—18 to mean that the board must be the entity that forwards the layoff notice to plaintiff.

Since this appeal arises from the trial court's granting defendant's motion to dismiss plaintiff's complaint for declaratory judgment, the well-pleaded facts of plaintiff's complaint are accepted as true for present purposes (see *Stone v. Omnicom Cable Television of Illinois, Inc.* (1985), 131 Ill. App. 3d 210, 213). Our analysis is further guided by the fundamental principle that the judicial role in construing a statutory provision is to ascertain and give effect to the legislative intent, and, in determining such intent, the entire statute, as well as the evil to be remedied and the object to be accomplished, must be considered. *City of Decatur v. American Federation of State, County, & Municipal Employees, Local 268* (1988), 122 Ill. 2d 353, 364.

■ The purpose of a board of fire and police commissioners is to promote the efficiency and capability of fire and police departments and to encourage the application and retention of qualified persons. (*Yeley v. Bartonville Fire & Police Comm'n* (1978), 64 Ill. App. 3d 448, 451, *rev'd on other grounds* (1979), 77 Ill. 2d 271, 276.) Its function, as defined by the Code, is not intended to impinge upon a city's inherent right to make good-faith reductions in force for solely economic reasons. *Kennedy v. City of Joliet* (1942), 380 Ill. 15, 21.

■ It is noted that the Code provides two distinct statutory procedures for the termination of police officers. Section 10—2.1—17 of the Code addresses removal and discharge for cause and provides a formal procedural mechanism for the adjudication of charges before a board of fire and police commissioners. Cause for discharge is defined

as some substantial shortcoming which renders a police officer's continuance in his office or employment in some way detrimental to the discipline and efficiency of the service. *Walsh v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 101, 105.

In *Fitzsimmons v. O'Neill* (1905), 214 Ill. 494, in construing a provision of the Civil Service Act, the statutory ancestor to the current provision, the court stated:

> "Section 12 of the Civil Service Act *** refers to cases where an officer or employe[e] is removed for some reason personal to himself. His right to be heard *** implies that the cause of his removal is some dereliction, or neglect of duty, or incapacity to perform duty, *** which affects his fitness for the position occupied by him. The provision in question does not apply to a case where the incumbent is dismissed for want of funds, or in order to reduce expenses, and when at the time of dismissal, *** he has notice of that fact." *Fitzsimmons*, 214 Ill. at 503.

In the present case, plaintiff's termination was for economic reasons and not because of some substantial shortcoming in his performance as an officer. Plaintiff has not alleged that the mayor or any other governmental body acted in bad faith, and he has not raised the issue of entitlement to a hearing. We conclude, as a preliminary matter, that plaintiff's termination was not for "cause" and that his layoff would not be governed by section 10—2.1—17 and its attendant procedural formalities.

Section 10—2.1—18 provides, in part:

> "When the force of the fire department or of the police department is *reduced, and positions displaced or abolished,* seniority shall prevail and the officers and members so reduced in rank, or removed from the service of the fire department or of the police department shall be considered furloughed without pay from the positions from which they were reduced or removed." (Emphasis added.) (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—18.)

Plaintiff argues that a fair reading of section 10—2.1—18, when read in conjunction with the statutory provisions on appointment (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—14), promotion (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—15) and discipline (Ill. Rev. Stat. 1989, ch. 24, par. 10—2.1—17), contemplates some form of board action with regard to economic layoffs. Defendant responds that, because the board has no statutory power to take any action concerning an economic

layoff, any requirement imposed upon the board would amount to a useless act.

In *Chestnut v. Lodge* (1966), 34 Ill. 2d 567, 568, the court held, in an analogous situation, that economic layoffs of Department of Conservation employees were not subject to the hearing requirements of the personnel code then in effect and that the provisions governing layoffs and abolition of positions which did not contain express provisions for review controlled. The court carefully considered that certain sections of the personnel code specifically provided for review with respect to job allocations and classifications whereas the section that addressed layoffs and abolition did not expressly provide for review. The court made clear that the structure of the Code demonstrated the legislature's intent to distinguish between job allocations and layoffs. *Chestnut*, 34 Ill. 2d at 570; see also *Thomas v. City of Springfield Civil Service Comm'n* (1982), 106 Ill. App. 3d 939, 942 (under provisions of the Illinois Municipal Code, commission without jurisdiction to review economic layoffs of city inspectors where statute contained no language granting right).

■ We note that section 10—2.1—18 makes no mention of procedural requirements with regard to reductions in force and it does not purport to vest any particular governmental body with sole authority to implement good-faith layoffs for economic necessity. In addition, we find no language within the Code that makes it incumbent upon a governmental body to notify the board of its decision to implement layoffs for economic reasons.

■ Moreover, there is no language within the fire and police provisions of the Code that identifies a right, express or implied, that would enable us to reach the conclusion that the Board, and not the mayor, is responsible for implementing a good-faith layoff for economic necessity. The structure of the Code clearly delineates between appointments, promotions, discharges for cause and reductions in force and specifies their attendant procedural requirements. It is apparent that the legislature, by expressly providing specific procedural safeguards in certain provisions and not in others, considered under what circumstances board action would be appropriate. Reading the statute as a whole and giving effect to its intended purpose, it is our opinion that, had the legislature intended to require board implementation of good-faith economic layoffs, it would have expressly provided for it.

Furthermore, if the statute were read as plaintiff urges, any implied requirement of board implementation, absent a further requirement for review or other substantive undertaking of the board, would

require the board to engage in a wholly ministerial task. We conclude, therefore, that section 10—2.1—18 does not require a board of fire and police commissioners to implement a good-faith layoff for economic necessity.

For the foregoing reasons, we affirm the order of the circuit court of McHenry County dismissing plaintiff's amended complaint for the failure to state a cause of action.

Affirmed.

McLAREN and UNVERZAGT, JJ., concur.