THE CITY OF ELGIN *et al.*, Plaintiffs-Appellants, v. THE COUNTY OF COOK *et al.*, Defendants-Appellees.—THE VILLAGE OF BARTLETT *et al.*, Plaintiffs-Appellees, v. THE SOLID WASTE AGENCY OF NORTHERN COOK COUNTY, Defendant-Appellant (The People *ex rel.* Gary V. Johnson, State's Attorney of the County of Kane, *et al.*, Intervening Plaintiffs-Appellees; The City of Evanston, Defendant).

First District (3rd Division)   Nos. 1—90—1984, 2—91—0912 cons.

Opinion filed December 22, 1993.

Erwin W. Jentsch, of Elgin, Edward S. Mraz and Bryan E. Mraz, both of Roselle, and Myron M. Cherry and Peter Flynn, both of Chicago, for City of Elgin.

Erwin W. Jentsch, of Elgin, and Edward S. Mraz, of Roselle, for Village of Wayne.

Edward S. Mraz and Bryan E. Mraz, both of Roselle, and Myron M. Cherry and Peter Flynn, both of Chicago, for Village of Bartlett, Citizens Against the Balefill, and William C. McHugh.

Edward S. Mraz, of Roselle, for Hanover Township.

Kenneth F. Miles, of Elgin, for Village of South Elgin.

Jack O'Malley, State's Attorney, of Chicago (Eric Dunham, William Motto, and Donald Delvin, Assistant State's Attorneys, of counsel), for County of Cook.

Thomas R. Burney, Glenn C. Sechen, Matthew M. Klein, Brian M. Fornek, and Mayer, Brown & Platt, all of Chicago (Julian C. D'Esposito, Jr., Russell R. Eggert, Thomas P. Healy, Jr., and Lori E. Lightfoot, of counsel), for Solid Waste Agency of Northern Cook County.

Thomas R. Burney, Glenn C. Sechen, Matthew M. Klein, and Brian M. Fornek, all of Chicago, for Northwest Municipal Conference.

Rooks, Pitts & Poust, of Chicago (Geoffrey A. Bryce and Thomas R. Hill, of counsel), for Chicago Gravel Company.

Robert M. Foote and Craig S. Mielke, both of Aurora, and Gary V. Johnson and J. Patrick Jaeger, both of Geneva, for People *ex rel.* Gary V. Johnson and County of Kane.

JUSTICE RIZZI delivered the opinion of the court:

Plaintiffs, City of Elgin, Village of Bartlett, Village of South Elgin, Village of Wayne and Hanover Township, brought this declaratory judgment action in the circuit court of Cook County against defendants, County of Cook, Northwest Municipal Conference (NWMC), Chicago Gravel Company and Solid Waste Agency of Northern Cook County (SWANCC), seeking a declaration that the ordinance adopted by the County Board of the County of Cook (County Board) granting a special use permit to construct a solid waste disposal facility (balefill) on a 573-acre tract of land located in Cook and Kane Counties (Site) is invalid (First District action). Following a hearing on defendants' motion to strike portions of plaintiffs' complaint, the trial court entered an order *sua sponte* dismissing the First District action with prejudice. Thereafter, the trial court denied plaintiffs' motion for leave to file an amended complaint.

In a related action, plaintiffs, Village of Bartlett, City of Elgin, Citizens Against the Balefill and William C. McHugh, and intervening plaintiffs, People *ex rel.* Gary V. Johnson, State's Attorney of the County of Kane, and County of Kane, brought an injunctive action in the circuit court of Kane County seeking to enjoin defendants SWANCC and City of Evanston from proceeding with preliminary activities associated with commencement of construction of the balefill (Second District action). The trial court entered an *ex parte* temporary restraining order enjoining defendants from, *inter alia*, cutting any trees or otherwise damaging the Site. Defendants entered an appearance and filed motions to dismiss plaintiffs and intervening plaintiffs' complaints, transfer venue of the Second District action to Cook County and dissolve the temporary restraining order. Following hearings, the trial court entered orders denying defendants' motions and continuing the injunction until further order of the court. Thereafter, defendants brought this interlocutory appeal pursuant to Supreme Court Rule 307 (134 Ill. 2d R. 307). On November 18, 1991, the Illinois Supreme Court transferred the Second District action to the First Judicial District of the Illinois Appellate Court and consolidated it with the First District action for consideration and disposition pursuant to its supervisory authority.

No. 1—90—1984

In 1982, NWMC, an organization of municipalities located in north and northwest Cook County, began to develop a comprehensive plan in response to the lack of available disposal space for municipal waste in northern Illinois. In January 1987, NWMC filed an application with the Zoning Board of Appeals of Cook County (Zoning Board) for a special use permit to develop and construct a balefill on 410 acres of the Site located in unincorporated Cook County. Following public hearings, the Zoning Board unanimously recommended approval of the application. On November 16, 1987, the County Board passed an ordinance granting preliminary approval for the special use permit subject to Illinois Environmental Protection Agency (IEPA) approval.

In May 1988, NWMC formed SWANCC, a municipal joint action agency pursuant to the Intergovernmental Cooperation Act (Ill. Rev. Stat. 1987, ch. 127, par. 741 *et seq.*), for the purpose of developing, constructing and operating the balefill. On November 16, 1989, the IEPA issued a developmental permit allowing SWANCC to commence construction of the balefill subject to approval by the United States Environmental Protection Agency (USEPA) and the United States Army Corps of Engineers. On January 16, 1990, the County Board passed an ordinance granting final siting approval for the balefill. As of January 6, 1993, the date of oral arguments, SWANCC had not received Federal approval to construct or operate the balefill.

Plaintiffs brought the First District action seeking a declaration that the zoning ordinance granting the special use permit to construct the balefill is invalid. Following a hearing on defendants' motion to strike portions of plaintiffs' complaint brought pursuant to section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), the trial court entered an order *sua sponte* dismissing the complaint with prejudice. Thereafter, the trial court denied plaintiffs' motion for leave to file an amended complaint. On appeal, plaintiffs contend that (1) the trial court erred when it dismissed their complaint *sua sponte*; and (2) the trial court erred when it denied their motion for leave to file an amended complaint.

■ Plaintiffs first contend that the trial court erred when it dismissed their complaint *sua sponte*. An applicant seeking siting approval for a regional pollution control facility must meet and secure all necessary zoning approvals from the unit of government having zoning jurisdiction over the proposed facility. (Ill. Rev. Stat. 1989, ch. 111¹/₂, par. 1039(c); *Village of Carpentersville v. Pollution Control Board* (1990), 135 Ill. 2d 463, 470-71, 553 N.E.2d 362, 368.) Where, as here, the regional pollution control facility will be constructed in un-

incorporated Cook County, defendants must secure siting approval from the county board of Cook County. Review of siting approval permits granted by the county board of Cook County shall be brought directly in the circuit court by declaratory judgment action. Ill. Rev. Stat. 1989, ch. 111½, par. 1039.2(h); *Stark v. Pollution Control Board* (1988), 177 Ill. App. 3d 293, 296, 532 N.E.2d 309, 311.

■ Defendants argue that the trial court properly dismissed the complaint here because plaintiffs, local municipalities, do not have standing to challenge the zoning ordinance. We disagree. A municipality has standing to challenge a zoning ordinance of another governmental unit if the ordinance will cause substantial, direct and adverse effects to the complaining municipality in its corporate capacity. (*Equity Associates, Inc. v. Village of Northbrook* (1988), 171 Ill. App. 3d 115, 117-18, 524 N.E.2d 1119, 1121-22.) In *Village of Barrington Hills v. Village of Hoffman Estates* (1980), 81 Ill. 2d 392, 398, 410 N.E.2d 37, 40, the supreme court held that a municipality was directly, substantially and adversely affected in its corporate capacity by the zoning ordinance of a neighboring municipality where the complaining municipality alleged that it would incur decreased tax revenues, increased municipal expenditures and degradation of ambient air quality resulting from increased vehicular exhaust and sound levels. Plaintiffs here allege that the zoning ordinance will result in decreased tax revenues due to lower property values, increased municipal expenditures for road repairs, maintenance, law enforcement and alternative water supplies, and a degradation of ambient air quality due to increased vehicular exhaust and noxious fumes from the balefill. Because the allegations of substantial, direct and adverse injurious effects to plaintiffs' corporate capacity are virtually identical to the injuries alleged by the complaining municipality in *Village of Barrington Hills*, we conclude, for the purposes of this motion to dismiss, that plaintiffs have standing to challenge the zoning ordinance. It is therefore necessary for us to determine whether the well-pled facts alleged in plaintiffs' complaint, if proven, state a viable cause of action.

■ The County Board is not bound by the siting approval procedures, criteria or appeal procedures provided in the Illinois Environmental Protection Act (EPA) and may establish its own rules and procedures governing conduct of a local siting hearing so long as those rules are fundamentally fair and not inconsistent with the EPA. (Ill. Rev. Stat. 1989, ch. 111½, par. 1039.2(h); *Waste Management of Illinois, Inc. v. Pollution Control Board* (1988), 175 Ill. App. 3d 1023, 1036, 530 N.E.2d 682, 693.) The gravamen of counts I, II, IV and V of plaintiffs' complaint is that the zoning ordinance is invalid

because the County Board failed to follow its own notice and procedural requirements when it adopted the zoning ordinance for the balefill. It is well recognized that courts are precluded from considering the propriety of a legislative enactment, including inquiry into whether a legislative body observed its own procedural rules when adopting legislation, unless the legislation was enacted in violation of a State or Federal statute or constitution. *Landmarks Preservation Council v. City of Chicago* (1988), 125 Ill. 2d 164, 179, 531 N.E.2d 9, 15-16; *Illinois Gasoline Dealers Association v. City of Chicago* (1988), 119 Ill. 2d 391, 404, 519 N.E.2d 447, 452-53; *Central Transport, Inc. v. Village of Hillside* (1991), 210 Ill. App. 3d 499, 512, 568 N.E.2d 1359, 1366; *American National Bank & Trust Co. v. City of Chicago* (1990), 209 Ill. App. 3d 96, 110, 568 N.E.2d 25, 34; *Durjak v. Thompson* (1986), 144 Ill. App. 3d 594, 596, 494 N.E.2d 589, 590-91; *Chirikos v. Yellow Cab Co.* (1980), 87 Ill. App. 3d 569, 574, 410 N.E.2d 61, 65.

■ Count I alleges that plaintiffs' Federal and State due process rights were violated because they were denied a meaningful opportunity to participate in public siting approval hearings of the Zoning Board. Siting approval hearings, however, do not mandate the same constitutional guarantees of due process mandated for other property deprivation proceedings and only require procedures which comport with standards of fundamental fairness. (See *Fairview Area Citizens Taskforce v. Pollution Control Board* (1990), 198 Ill. App. 3d 541, 545, 555 N.E.2d 1178, 1180; *Tate v. Pollution Control Board* (1989), 188 Ill. App. 3d 994, 1019, 544 N.E.2d 1176, 1193.) Nevertheless, plaintiffs lack standing to challenge any due process violations here because municipalities are not persons entitled to due process and equal protection under the State or Federal constitution. *Village of Riverwoods v. Department of Transportation* (1979), 77 Ill. 2d 130, 136, 395 N.E.2d 555, 558; *City of Evanston v. Regional Transportation Authority* (1990), 202 Ill. App. 3d 265, 277-78, 559 N.E.2d 899, 907; *Village of Lake in the Hills v. Laidlaw Waste Systems, Inc.* (1986), 143 Ill. App. 3d 285, 293-94, 492 N.E.2d 969, 975.

Counts II, IV and V of plaintiffs' complaint allege that the County Board ignored its own procedural requirements, failed to consider relevant evidence, relied upon findings of the Zoning Board which failed to meet "particularity" requirements, failed to make findings as required by the Cook County zoning ordinance and unlawfully delegated its duties and obligations involving public health, safety and welfare to the IEPA. These allegations, which are similar to the allegations made in *Thompson v. Cook County Zoning Board of Appeals* (1981), 96 Ill. App. 3d 561, 421 N.E.2d 285, fail to establish a

violation of a constitutional or statutory provision. (See also *Cain v. American National Bank & Trust Co.* (1975), 26 Ill. App. 3d 574, 581, 325 N.E.2d 799, 805.) Because the well-pled facts alleged in counts I, II, IV and V of plaintiffs' complaint, if proven, fail to establish a viable cause of action, we hold that the trial court properly dismissed counts I, II, IV and V of plaintiffs' complaint.

■ Counts III, IV and V of plaintiffs' complaint allege that the zoning ordinance is null and void because its application is arbitrary, capricious and unreasonable. Only count III, however, contains sufficient factual allegations to support a challenge to the validity of the zoning ordinance. Defendants argue that plaintiffs cannot challenge the validity of the zoning ordinance here because the allegations raised in their complaint, if proven, do not establish a statutory or constitutional violation. In *City of Hickory Hills v. Village of Bridgeview* (1977), 67 Ill. 2d 399, 403, 367 N.E.2d 1305, 1307, the supreme court held that a municipality could challenge the zoning ordinance of a neighboring municipality. In *Village of Barrington Hills v. Village of Hoffman Estates* (1980), 81 Ill. 2d 392, 398, 410 N.E.2d 37, 40, the supreme court restated its holding of *City of Hickory Hills* and defined the scope of injury which must be alleged by a municipality to challenge an extraterritorial zoning ordinance. Under the circumstances here, which are indistinguishable from the zoning challenge in *Village of Barrington Hills*, we conclude that the well-pled facts alleged in count III of plaintiffs' complaint, if proven, state a viable cause of action.

When challenging the validity of a zoning ordinance, the challenging party must overcome its presumptive validity and demonstrate by clear and convincing evidence that the application of the zoning ordinance is unreasonable, arbitrary and bears no substantial relation to public health, safety or welfare. *(Witherspoon v. City of Moline* (1992), 227 Ill. App. 3d 1023, 1028, 591 N.E.2d 117, 118.) Factors which should be considered when determining the validity of a zoning ordinance include (1) the existing uses and zoning of nearby property; (2) the extent to which property values are diminished by the particular zoning restrictions; (3) the extent to which the destruction of a challenger's property values promotes public health, safety, morals or general welfare; (4) the relative gain to the public as compared to the hardship imposed upon the individual property owner; (5) the suitability of the subject property for the zoned purposes; (6) the length of time the property has been vacant as zoned considered in the context of land development in the vicinity; (7) whether a comprehensive zoning plan for land use and development exists; (8) if so, whether the zoning ordinance is in harmony

with it; and (9) the evidence or lack of evidence of community need for the proposed use. (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46-47, 145 N.E.2d 65, 69; *Sinclair Pipe Line Co. v. Village of Richton Park* (1960), 19 Ill. 2d 370, 378, 167 N.E.2d 406, 411; *Zeitz v. Village of Glenview* (1992), 227 Ill. App. 3d 891, 895, 592 N.E.2d 384, 387.) When considering the validity of the zoning ordinance here for the purposes of this motion to dismiss, the well-pled facts contained in plaintiffs' complaint will be taken as true.

■ Defendants argue that the environmental allegations contained in plaintiffs' complaint must be stricken because the circuit court is without jurisdiction to consider these allegations. We disagree. The legislature conferred exclusive jurisdiction upon the Pollution Control Board (PCB) to adjudicate actual or threatened violations of the EPA, IEPA permits or PCB rules and regulations. (Ill. Rev. Stat. 1989, ch. 111$^{1}/_{2}$, par. 1031; *Mathers v. Pollution Control Board* (1982), 107 Ill. App. 3d 729, 738-39, 438 N.E.2d 213, 220; *Village of South Elgin v. Waste Management of Illinois, Inc.* (1978), 62 Ill. App. 3d 815, 820-22, 379 N.E.2d 349, 354-55.) Where an administrative agency is vested with exclusive jurisdiction to hear an action, the exhaustion of remedies doctrine provides that a party must pursue all available administrative remedies before seeking judicial review when an adequate administrative remedy exists. (*People v. NL Industries* (1992), 152 Ill. 2d 82, 95-96, 604 N.E.2d 349, 354.) Plaintiffs here are not, as defendants suggest, seeking judicial review of an actual or threatened violation of the EPA, IEPA permit or PCB rule or regulation. Rather, the crux of count III of plaintiffs' complaint is that the failure of the County Board to consider the environmental effects of the proposed balefill, considered with the other *La Salle/Sinclair* factors, illustrates the arbitrary, capricious and unreasonable application of the zoning ordinance to plaintiffs' corporate capacity. Because plaintiffs are not seeking judicial review of an actual or threatened violation of the EPA, IEPA permit or PCB rule or regulation, the environmental allegations contained in plaintiffs' complaint must be considered for the purpose of determining the validity of the zoning ordinance.

The first factor to consider is the existing uses and zoning of nearby property. Plaintiffs' complaint fails to allege facts indicating the existing uses and zoning of nearby property. We take judicial notice, however, that the Village of Bartlett adopted Ordinance 88—59 approving zoning for a 2,024-home residential planned unit development within one mile of the Site. (Ill. Rev. Stat. 1989, ch. 110, par. 8—1002.) We express no opinion as to the validity of this ordinance.

The second factor to consider is the extent to which property

values are diminished by the zoning ordinance. Plaintiffs allege that their tax revenues will be adversely affected due to a diminution of property values within their municipalities caused by the emission of noxious fumes as well as increased sound levels and vehicular traffic from the operation of the balefill.

The third and fourth factors to consider are the extent to which the zoning ordinance promotes public health, safety, morals or general welfare and the relative gain to the public compared to the hardship imposed upon plaintiffs. Plaintiffs allege that an estimated 12.4 million cubic yards of municipal waste will be dumped at the Site, resulting in the destruction of 200 acres of trees and ponds. Plaintiffs further allege that the development of the balefill will require them to construct deeper wells due to contamination of their underground water supplies and create safety hazards from heavy trucks travelling on streets which are not designed, constructed or capable of accommodating them. At the pleading stage, the record is devoid of any evidence indicating the public interest or balance of hardships imposed by the zoning ordinance.

The fifth factor to consider is the suitability of the subject property for the zoned purposes. Plaintiffs allege various instances of irreparable environmental harm which would be caused by construction and operation of the balefill, including substantial and irreversible damage to plaintiffs' water supplies, destruction of a dedicated nature preserve which is protected by the Illinois Natural Areas Preservation Act (Ill. Rev. Stat. 1989, ch. 105, par. 701 *et seq.*) and elimination of groundwater recharge areas. While the record contains substantial findings involving the suitability of the Site for a balefill, we find that it is improper to consider this evidence at the pleading stage.

The sixth factor to consider is the length of time which the property has been vacant as zoned considered in the context of land development in the vicinity. Plaintiffs' complaint does not indicate whether the Site was vacant prior to the adoption of the zoning ordinance, except to the extent that the Site was formerly utilized for gravel mining and is presently densely wooded.

The seventh and eighth factors to consider are whether a comprehensive zoning plan for land use and development exists, and if so, whether the zoning ordinance is in harmony with it. Plaintiffs' complaint alleges that the Site is inconsistent with the Cook County Comprehensive Land Use and Policy Plan, the comprehensive zoning plans of the City of Elgin, Village of Bartlett and Village of Wayne, and the requirements set forth in the Cook County zoning ordinance for preliminary planned unit development plat approval by the County Board.

The ninth factor to consider is the evidence or lack of evidence of community need for a proposed use. At the pleading stage, the record is devoid of evidence that we may consider which indicates the community need or lack of need for a balefill at the Site.

■ Considering the well-pled allegations contained in count III of plaintiffs' complaint, we find that plaintiffs have alleged sufficient facts, when taken as true for the purposes of this motion to dismiss, to establish by clear and convincing evidence that the application of the zoning ordinance here to plaintiffs' corporate capacity is unreasonable, arbitrary and bears no substantial relation to public health, safety or welfare. We, therefore, conclude that the trial court erred when it dismissed count III of plaintiffs' complaint at the pleading stage.

■ Counts VI and VII of the complaint were brought by Village of South Elgin as sole plaintiff. Count VI seeks a declaration that SWANCC is without statutory authority to create a balefill. To state a cause of action for declaratory judgment, plaintiffs must allege sufficient facts which, if proven, establish the existence of an actual controversy between the parties of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. (*Bank of Chicago-Garfield Ridge v. Park National Bank* (1992), 237 Ill. App. 3d 1085, 1096, 606 N.E.2d 72, 79; *Clyde Savings & Loan Association v. May Department Stores* (1981), 100 Ill. App. 3d 189, 192, 426 N.E.2d 955, 958.) An actual controversy exists where there is a concrete dispute admitting of an immediate and definitive determination of the parties' rights, the resolution of which will aid in the determination of the controversy or some part thereof. (*Schwanke, Schwanke & Associates v. Martin* (1992), 241 Ill. App. 3d 738, 745, 609 N.E.2d 654, 659.) The actual controversy alleged by Village of South Elgin here is that section 3.2 of the Intergovernmental Cooperation Act does not authorize SWANCC to construct a balefill because "balefill" is not defined in the Intergovernmental Cooperation Act or specifically enumerated within the definition of regional pollution control facility set forth in section 3.32 of the EPA. (Ill. Rev. Stat. 1989, ch. 127, par. 743.2; Ill. Rev. Stat. 1989, ch. 111$^1$/$_2$, par. 1003.32.) Although not specifically defined in the Illinois revised statutes, it is widely recognized that a balefill is a waste disposal facility where previously treated, compacted and baled solid waste is stored and disposed. SWANCC, a municipal joint action agency whose power is derived from the Intergovernmental Cooperation Act, is authorized to plan, construct, reconstruct, acquire, own, lease, equip, extend, improve, manage, operate, maintain, repair, close and finance waste projects. (Ill. Rev. Stat. 1989, ch. 127, par. 743.2(a).) Section 3.2(j) of the Intergovernmental Cooperation Act defines waste project as:

"[L]and, any rights therein and improvements thereto, one or more buildings, structures or other improvements, machinery, equipment, vehicles and other facilities incidental to the foregoing, used in the collection, storage, disposal, processing, treatment, recovery and re-use of municipal waste." Ill. Rev. Stat. 1989, ch. 127, par. 743.2(j).

Contrary to Village of South Elgin's suggestion, the plain and ordinary meaning of balefill falls within the definition of waste project set forth in section 3.2(j) of the Intergovernmental Cooperation Act. It is, therefore, unnecessary to consider provisions of the Intergovernmental Cooperation Act *in pari materia* with the EPA. (See *Frame v. Board of Trustees of Spoon River Community College* (1991), 212 Ill. App. 3d 617, 620, 571 N.E.2d 519, 520.) Because Village of South Elgin has failed to allege facts which, if proven, establish the existence of a concrete dispute admitting of an immediate and definite determination, we hold that the trial court did not abuse its discretion when it dismissed count VI of the complaint. See *Hahn v. City of Harvard* (1992), 239 Ill. App. 3d 819, 605 N.E.2d 95.

■ In count VII, Village of South Elgin seeks an injunction to enjoin SWANCC from commencing development or construction of the balefill pending siting approval by the Kane County Board as required by sections 39 and 39.2 of the EPA (Ill. Rev. Stat. 1989, ch. 111 1/2, pars. 1039, 1039.2). While the State's Attorney or the Attorney General is permitted to institute an immediate injunctive action in the circuit court to enjoin violations of the EPA or halt any activity causing or contributing to a substantial danger to the environment or the public welfare, section 45 of the EPA requires any person adversely affected by a violation of the EPA to exhaust his or her administrative remedies before seeking injunctive relief in the circuit court. (Ill. Rev. Stat. 1989, ch. 111 1/2, pars. 1042(e), 1043(a), 1045(b); *People v. Fiorini* (1991), 143 Ill. 2d 318, 337-38, 574 N.E.2d 612, 619-20.) Because Village of South Elgin has not exhausted its administrative remedies here, the circuit court is without jurisdiction to consider the violations of the EPA alleged in count VII of the complaint. Accordingly, the trial court properly dismissed count VII of the complaint.

■ Plaintiffs' final contention is that the trial court erred when it denied their motion for leave to file an amended complaint. It is well recognized that the decision to grant or deny leave to amend a pleading is within the discretion of the trial court. (*Woodard v. Krans* (1992), 234 Ill. App. 3d 690, 702, 600 N.E.2d 477, 486.) Factors for the reviewing court to consider when determining whether the trial court abused its discretion include (1) whether the proposed

amendment would cure the defects in the original pleading; (2) whether the amendment would prejudice or surprise other parties; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading can be identified. (*People ex rel. Hartigan v. E&E Hauling, Inc.* (1992), 153 Ill. 2d 473, 505, 607 N.E.2d 165, 181.) Plaintiffs' proposed amended complaint, which consolidates counts I through V into two counts, suffers from the same defects in standing and jurisdiction that existed in the original complaint. Accordingly, because plaintiffs fail to allege additional facts in their proposed amendment which state a cause of action other than the viable cause of action alleged in count III, we hold that the trial court did not abuse its discretion when it denied plaintiffs' motion for leave to amend their complaint.

Village of South Elgin did not offer a proposed amendment to counts VI and VII of their complaint. Because any amended pleading offered by Village of South Elgin, however, would suffer from the same defects in standing and jurisdiction that existed in its original complaint, we find that the trial court did not abuse its discretion when it denied Village of South Elgin leave to file an amendment to its complaint.

### No. 2—91—0912

Plaintiffs initiated the Second District action seeking injunctive relief to enjoin commencement of construction of the balefill. On February 11, 1991, the trial court entered an *ex parte* temporary restraining order with notice to defendants enjoining preliminary construction activities at the Site. On February 15, 1991, defendants entered an appearance and filed motions to transfer venue and dismiss the Second District action. On February 19, 1991, intervening plaintiffs joined the Second District action pursuant to sections 42 and 43 of the EPA. (Ill. Rev. Stat. 1991, ch. 111½, pars. 1042, 1043.) On June 26, 1991, the trial court entered an order denying defendants' motions and continuing the injunction until further order of the court. On July 10, 1991, and August 7, 1991, defendants filed successive motions to dissolve the temporary restraining order. After the trial court denied their motions, defendants brought this interlocutory appeal. On appeal, defendants contend that (1) the trial court erred when it denied their motion to transfer venue of the Second District action to Cook County; and (2) the trial court erred when it denied their motions to dissolve the temporary restraining order.

Defendants first contend that the trial court erred when it denied their motion to transfer venue of the Second District action to Cook County. We must first determine whether we have jurisdiction

to address this contention. Except as specifically provided in the supreme court rules, the appellate court is without jurisdiction to review interlocutory orders of the circuit court. (*Hamilton v. Williams* (1992), 237 Ill. App. 3d 765, 775-76, 604 N.E.2d 470, 476-77.) Supreme Court Rule 306 permits a party to petition the appellate court to review certain interlocutory orders, including orders granting or denying a motion to transfer venue. (See 134 Ill. 2d R. 306(a)(1)(iv).) Additionally, Supreme Court Rule 307 permits appellate review as a matter of right of certain interlocutory orders, including orders granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction. (134 Ill. 2d R. 307(a)(1).) Defendants here did not petition this court for permissive appellate review of the trial court's interlocutory order denying their motion to transfer venue within 30 days after the entry of the order. (See *Barnes v. Southern Ry. Co.* (1987), 116 Ill. 2d 236, 241, 507 N.E.2d 494, 496-97.) This court, therefore, is without jurisdiction to consider whether the trial court erred when it denied defendants' motion to transfer venue of the Second District action to Cook County.

Defendants next contend that the trial court erred when it denied their motions to dissolve the temporary restraining order. Plaintiffs argue that defendants' notice of appeal does not confer jurisdiction upon this court to consider the merits of the appeal. We disagree. Supreme Court Rule 307 provides, in relevant part, that appeals to the appellate court must be perfected within 30 days from the entry of the interlocutory order by filing a notice of appeal designated "Notice of Interlocutory Appeal" conforming substantially to the requirements for notices of appeal in other cases. (134 Ill. 2d R. 307(a)(1).) The notice of appeal here, which was filed within 30 days after the entry of the trial court's interlocutory orders, is not designated "Notice of Interlocutory Appeal." It is well recognized, however, that absent prejudice to the appellee, a notice of appeal which does not strictly comply with the technical requirements of form will confer jurisdiction to the appellate court if the notice fairly and adequately sets forth the judgment complained of and the relief sought so as to apprise the parties and the court of the nature of the appeal. (*Burtell v. First Charter Service Corp.* (1979), 76 Ill. 2d 427, 433-34, 394 N.E.2d 380, 383; *City of Chicago v. First Bank* (1988), 178 Ill. App. 3d 321, 325, 533 N.E.2d 424, 426.) We find that the notice of appeal here apprises the parties and this court that defendants seek appellate review from the trial court's interlocutory orders of July 30, 1991, and August 9, 1991. Because plaintiffs are not prejudiced by defendants' failure to comply with the technical requirements of Supreme Court Rule 307, the notice of appeal in the present case

confers jurisdiction upon this court to consider whether the trial court abused its discretion when it denied defendants' motions to dissolve the temporary restraining order.

■ Defendants argue that plaintiffs failed to satisfy any of the elements necessary for a temporary restraining order when the injunction was entered *ab initio*. Arguments involving the merits of issuing the temporary restraining order on February 11, 1991, are irrelevant to this appeal. The standard of review on appeal from the denial of a motion to dissolve a preliminary injunction was articulated in *Stoller v. Village of Northbrook* (1987), 162 Ill. App. 3d 1001, 1008, 516 N.E.2d 355, 360:

"When a party presents a motion to dissolve a temporary injunction, it is only necessary that the party in whose favor the restraining order has been issued show to the trial court, in the statement of his case on the merits, that there is a fair question as to the existence of his rights. [Citation.] If the party in whose favor the restraining order has been issued shows, to the trial court's satisfaction, that the matter out of which his asserted rights arise should be preserved until a decision on the merits, then the trial court may deny the motion to dissolve the restraining order."

■ Thus, if defendants wanted to attack the merits of the temporary restraining order here, they could have brought an interlocutory appeal within 30 days after the February 11, 1991, order was entered. (See 107 Ill. 2d R. 307(a)(1).) Because defendants did not appeal from that order, it is only necessary for us to determine whether plaintiffs established that there is a fair question as to the existence of their rights which should be preserved until a decision on the merits. *Stoller*, 162 Ill. App. 3d at 1008-09, 516 N.E.2d at 360; see also *Grower Service Corp. v. Brown* (1990), 204 Ill. App. 3d 532, 534, 561 N.E.2d 1294, 1296.

Section 42(e) of the EPA authorizes the State's Attorney of the County of Kane to institute a civil injunctive action to restrain violations of the EPA occurring in Kane County. (Ill. Rev. Stat. 1991, ch. 111½, par. 1042(e).) If a violation of the EPA is established, the trial court has no discretion to refuse to issue an injunction to enforce the terms of the EPA. (See *People v. Van Tran Electric Corp.* (1987), 152 Ill. App. 3d 175, 184, 503 N.E.2d 1179, 1185.) In its second amended complaint, intervening plaintiffs allege that defendants failed to obtain the requisite siting approval from the Kane County Board for the portion of the Site located in Kane County as required by sections 39(c) and 39.2 of the EPA. (Ill. Rev. Stat. 1991, ch. 111½, pars. 1039(c), 1039.2.) Without expressing any opinion as to the merit

of this or any other allegation raised in plaintiffs' or intervening plaintiffs' complaints, we find that intervening plaintiffs have established a fair question as to the existence of their rights requiring an injunction to preserve the status quo pending a decision on the merits.

An injunction is an equitable remedy which operates *in personam* against an individual and not against property. If the court has personal jurisdiction over the parties, and if a proper case for injunctive relief is otherwise made out, jurisdiction of the court to grant an injunction will not be defeated by the fact that it has reference to real property beyond its territorial jurisdiction. (42 Am. Jur. 2d *Injunctions* § 3 (1969).) Contrary to defendants' suggestions, nothing in the EPA limits the jurisdiction of the circuit court of Kane County to enjoin SWANCC's activities at the Site occurring in Cook County. (See Ill. Rev. Stat. 1989, ch. 111½, par. 1042(e).) Under the circumstances here, the circuit court of Kane County has statutory authority and jurisdiction to enjoin SWANCC from commencing preliminary construction activities on the Cook and Kane County portions of the Site. We, therefore, conclude that the trial court did not abuse its discretion when it denied defendants' motions to dissolve the temporary restraining order.

Accordingly, the orders of the circuit court of Cook County dismissing plaintiffs' complaint with prejudice and denying leave to amend are affirmed, except that the portion of the order dismissing count III is reversed and the case is remanded for proceedings consistent with what is stated herein. The orders of the circuit court of Kane County denying defendants' motions to dissolve the temporary restraining order are affirmed and the case is remanded to the circuit court of Kane County for proceedings consistent with what is stated herein.

1—90—1984, Affirmed in part; reversed in part and remanded.
2—91—0912, Affirmed and remanded.

TULLY, P.J., concurs.

JUSTICE GREIMAN, concurring in part and dissenting in part:
I concur in the thoughtful and thorough analysis of the majority in affirming the dismissal of counts I, II, IV and V of the complaint filed in the Cook County proceedings and agree that the amended complaint offered does not afford plaintiffs any relief. I further concur in affirming the orders of the circuit court in the Kane County proceedings.

However, I must respectfully dissent from the majority's view that count III states a cause of action in its challenge of an ordinance to which we must give presumptive validity.

Perhaps the operative acronym for this entire matter is NIMBY, not in my back yard! The siting of any landfill or balefill causes concern to every community and opposition to this project is certainly understandable. However, it would be difficult to find a municipal official who disagrees with the notion that these waste problems must be addressed on a regional basis, perhaps with some form of local veto as to siting.

Government at every level has recognized the need for a rational approach to disposing of waste matter for our millions of citizens. In that regard, the State provides a method whereby units of local government may pool their resources and establish plans and sites for the disposition of waste (Ill. Rev. Stat. 1989, ch. 127, par. 743.2) and a procedure for local approval of such siting (Ill. Rev. Stat. 1989, ch. 111¹/₂, par. 1039.2). Accordingly, SWANCC was organized in an effort to establish a landfill in an abandoned gravel pit in one of the few remaining sparsely settled areas of Cook County to meet the needs of the member communities.

Operation and licensure of the landfill remains subject to the regulation and standards of the Illinois Environmental Protection Agency, which has approved the project, and the United States Environmental Protection Agency, which had not yet approved the project at the time of oral arguments before this court. In addition, the project has been considered by the United States Army Corps of Engineers under the mandate of the Water Resources Development Act of 1988.

The majority looks to *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 145 N.E.2d 65, and *Sinclair Pipe Line Co. v. Village of Richton Park* (1960), 19 Ill. 2d 370, 167 N.E.2d 406, for the guidelines to be fulfilled in setting aside an otherwise properly adopted zoning ordinance and concludes that count III states a cause of action. I do not agree.

As to the *La Salle/Sinclair* factors, the majority first acknowledges that the complaint fails to allege facts indicating the existing uses and zoning of nearby property and then attempts to satisfy this guideline by taking judicial notice of the Village of Bartlett's zoning for construction of 2,024 residential units. The majority, however, selectively exercises judicial notice and neglects to take such notice of the existing industrial park to the east of the subject premises. Moreover, the property where the 2,024 residential units are to be constructed was annexed to the Village of Bartlett by an annexation

ordinance adopted 17 months *after* defendants filed their petition with the County of Cook for approval of the site as a landfill and six months *after* Cook County granted special use approval. Furthermore, the Bartlett annexation ordinance actually allows mining operations to be conducted for an indefinite period of time anywhere on the allegedly residential property. Additionally, the subject property is adjacent on the north to an active strip mining operation.

The second factor, *i.e.*, the extent to which property values are diminished by the zoning ordinance, cannot be satisfied by a general allegation that revenues of surrounding communities may be reduced indirectly by reason of the diminution of property values. Such an allegation would make every zoning change which has any impact upon neighboring communities subject to attack.

The third and fourth factors consider the extent to which the zoning ordinance promotes public health, safety or general welfare. The majority cites plaintiffs' allegations of greater traffic from heavy trucks and possible water contamination as problems for which there is nothing in the record to show a contrary public interest or balancing of hardships. To the contrary, paragraph after paragraph of plaintiffs' complaint spells out the very public purpose for which this property is to be used. Moreover, the statutes which authorize the creation of SWANCC must be given consideration in determining whether the record is silent on balanced public interests.

As to the suitability of the property for the petitioned use, the fifth factor considered, the record is clear that the property is an abandoned gravel pit. In the words of plaintiffs' complaint, the property is "so ravaged *** that extraordinary costs [would] be incurred in developing the subject property for those uses for which it would otherwise be better suited." Moreover, the pleadings disclose that only 200 of more than 400 acres are to be used as a landfill with the balance of the land to be used as a buffer zone.

The sixth factor considers the time period that the premises have been vacant. The complaint establishes that the property is an abandoned gravel pit and plaintiffs do not suggest that such status was not the case for any period prior to the filing of the initial request for the rezoning of the parcel.

The seventh and eighth factors address the questions of whether a comprehensive zoning plan exists and whether the ordinance at issue is in harmony with such a plan. Allegations that the Site is not in harmony with the comprehensive zoning plans of the City of Elgin, the Village of Bartlett or the Village of Wayne are beside the point and do not provide a basis to strike down a Cook County ordinance. The property at issue is located in Cook County and zoned

for industrial uses. Sections 6.14 and 6.24 of the Cook County zoning ordinance specifically enumerate sanitary landfills and solid waste landfills as permissible special uses in the zoning district applicable to the subject property.

The final factor directs attention to the evidence of community need for the proposed use. The General Assembly has enacted legislation to provide for the disposal of waste on a multicommunity basis. Such activity is a traditional function of local government and rests within the authority of such units of local government to determine the most effective manner in which to address the disposition of waste.

I do not believe that the allegations of the complaint, most of which are conclusory and speculative at best, overcome the presumption of validity which is afforded the ordinance. I believe that plaintiffs failed to plead facts which, if proven, would demonstrate that the application of Cook County's zoning ordinance is unreasonable, arbitrary and bears no substantial relation to public health, safety or welfare.